UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALIM T. MILES,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT MORRIS and JOHN DOES 1-12,<br><br>    Defendants. | No. 1:17-cv-02800-NLH-KMW<br><br>OPINION |

**APPEARANCES**:

ALIM T. MILES
000291126C
SOUTH WOODS STATE PRISON
215 SOUTH BURLINGTON ROAD
BRIDGETON, NJ 08302

    *Plaintiff appearing pro se*

MICHAEL PAUL MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST
SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes back before the Court on Plaintiff Alim T. Miles's motion seeking relief from this Court's prior Order dismissing his case for failure to prosecute, which Defendant Sergeant Morris has opposed. For the reasons expressed below, Plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff first filed his complaint in this action on April 25, 2017, alleging a series of claims against Defendant Sergeant Morris and other unnamed individuals. (ECF No. 1). This Court granted Plaintiff's IFP application in an April 28, 2017 Order, (ECF No. 2), and issued summons. After a series of issues regarding Plaintiff's service of process on Defendant, this Court appointed Plaintiff pro bono counsel for the purposes of assisting Plaintiff with obtaining a default judgment against Defendant. ECF No. 27 and 38). Counsel, after reviewing the case, recognized a flaw in the original service of the complaint and summons on Defendant, and effected proper service. Plaintiff's desire to obtain a default judgment was then defeated by Defendant's filing of an Answer to the complaint, and pro bono counsel was granted leave to withdraw as counsel. (ECF No. 38). Plaintiff has since represented himself *pro se*.

Then, on November 25, 2019, a notice of electronic filing that had been mailed to Plaintiff's address of record at South Woods State Prison in Bridgeton, New Jersey was returned as undeliverable. (ECF No. 43). Upon learning from the New Jersey Department of Corrections' Inmate Locator that Plaintiff was released from custody on October 11, 2019, the Court issued an Opinion and Order on December 5, 2019, administratively terminating this action due to Plaintiff's failure to

communicate with the Court regarding his new address, in violation of Local Civil Rule 10.1(a). (ECF No. 44). However, the Court noted that it may "reopen this matter upon Plaintiff updating his contact information to satisfy the appropriate Rules." (Id. at ¶ 6). Plaintiff then filed a Notice of Change of Address on January 21, 2020, after which this action was reopened. (ECF No. 47).

Eight months then passed with no further action by Plaintiff to prosecute his case, and on August 12, 2020, the Court issued a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1(a), giving Plaintiff an opportunity to show cause for why his action should not be dismissed for failure to prosecute. (ECF No. 48). After Plaintiff failed to respond, the Court issued an Order of Dismissal on September 24, 2020. (ECF No. 49).

After several more months went by with no other activity in this action, Plaintiff filed letters on January 25 and March 8, 2021, expressing his desire to reopen the case. (ECF No. 50 and 51). Defendant, unsurprisingly, filed his own letter opposing those requests on March 22, 2021. (ECF No. 52). The Court then issued an Order on March 30, 2021, explaining to Plaintiff that if he wished to pursue reopening this case, he needed to file a formal motion seeking relief from the Court's September 24, 2020 Order of Dismissal. (ECF No. 53). Following that Order,

Plaintiff proceeded to file four separate letters, which substantively made clear that he wished to file such a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and claiming that due to the COVID-19 pandemic and the fact that he had been reincarcerated, he had not received the Court's Notice of Call for Dismissal and therefore was not at fault for his failure to respond to it. (ECF No. 54, 55, 56, and 57). The Court, recognizing that certain procedural formalities are oftentimes excused for *pro se* plaintiffs, issued a Text Order on May 7, 2021 which interpreted his letters as a Rule 60(b) motion for relief from judgment, and directed that Defendant could file opposition to that motion by May 24, 2021, after which Plaintiff would be permitted to file a reply brief in further support of his motion by June 1, 2021. (ECF No. 58).

Defendant filed his opposition brief on May 24, 2021. (ECF No. 59). Plaintiff has not filed any reply brief in further support of his motion. The time for filing his reply brief has since passed, and the motion is therefore ripe for adjudication.

## **DISCUSSION**

As explained above, Plaintiff here is seeking relief from this Court's September 24, 2020, Order of Dismissal, which dismissed Plaintiff's complaint for failure to prosecute after he failed to take any action in this case for over eight months and then failed to respond to a Notice of Call for Dismissal.

Through a series of letters, Plaintiff now requests that the Court reopen this action and allow him to proceed with prosecuting his claims.

Plaintiff's complaint puts forth claims under 42 U.S.C. § 1983 and the Fourteenth Amendment related to alleged violations of his constitutional rights that he suffered in the Burlington County Jail on February 28, 2017. In Defendant's original letter opposing Plaintiff's request to reopen, he pointed out that actions brought pursuant to 42 U.S.C. § 1983 are subject to New Jersey's two-year personal injury statute of limitations. See Patyrak v. Apgar, 511 F. App'x. 193, 195 (3d Cir. 2013). As there is no question here based on the face of the complaint that Plaintiff was aware of his cause of action in 2017, given the fact that he filed the complaint in April 2017, the statute of limitations on his claims would therefore have run in 2019.

While Plaintiff's filing of his complaint would normally mean that any potential statute of limitations issues were behind him, the Third Circuit has made clear that a "'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005), (quoting Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983)). And, importantly for this case, "[w]here the

5

dismissal is not conditional or the plaintiff fails to file an amended complaint in accordance with the conditions set by the court, the previously dismissed complaint provides no tolling of the applicable limitations period." Brown v. Union County Jail, No. 14-3955 (JLL), 2018 WL 2411607, at *3 (D.N.J. May 29, 2018) (citing Brennan, 407 F.3d at 603).

Here, as Defendant notes, the Court's September 24th Order of Dismissal was not conditional; while it dismissed the action without prejudice, it did not contain any "conditions for reinstatement within a specified time period" as referenced by the Third Circuit in Brennan. Accordingly, Defendant is correct that the statute of limitations on Plaintiff's claims would have otherwise run well prior to this Court's dismissal of those claims, and that due to that subsequent Order of Dismissal, Plaintiff's initial filing of a complaint did not toll the statute of limitations and his claims are now time-barred.

The fact that Plaintiff's claims are now time-barred is important to the proper resolution of Plaintiff's request to reopen his case. "While 'an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint,' '[t]his principle ... does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice,' unless the District Court grants 'leave to amend within a time

6

certain,' which did not happen here." Atkinson v. Middlesex County, 610 F. App'x 109, 111 (3d Cir. 2015) (quoting Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) and Brennan, 407 F.3d at 606-07). This means that when the statute of limitations on a plaintiff's claims has already run, even an unconditional order of dismissal without prejudice is considered final. Id. (citing Brennan, 407 F.3d at 606). Since Plaintiff's claims were time-barred when this Court issued its Order of Dismissal, that Order is therefore final.

Accordingly, in order to reopen his case, Plaintiff would need to receive relief from that final judgment pursuant to Rule 60(b); having been informed of this by Defendant and the Court, he therefore filed such a motion. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). Rule 60(b) lists six bases for relief from judgment, only two of which potentially apply here. First, Rule 60(b)(1) provides that it may grant relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Second, Rule 60(b)(6) allows for relief from judgment for "any other reason that justifies relief," although the Third Circuit has clarified that "a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify

7

reopening." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted).

Plaintiff here has failed to demonstrate any sufficient basis for granting him relief from the Order of Dismissal under either of the aforementioned subsections of Rule 60(b). Plaintiff's letters, which this Court has interpreted as a Rule 60(b) motion, simply contend that he has been unable to reach the Clerk of the Court, (ECF No. 54), and that he never received the Notice of Call for Dismissal "due to the pandemic of COVID-19, current incarceration, and moving around due to my legal status." (ECF No. 56). For these reasons, Plaintiff believes this Court should grant him relief from the September 24th Order of Dismissal.

However, Plaintiff has provided no further details whatsoever as to any of these explanations for his failure to prosecute his case or respond to the Notice of Call for Dismissal. While the Court is sympathetic to the hardships imposed on many by the COVID-19 pandemic, Plaintiff has entirely failed to explain why the pandemic stopped him from being able to pursue his action for over eight months, at least two of which seem to have been before COVID-19 restrictions had been put in place. Nor does Plaintiff explain why the pandemic, or his "legal status," which he does not clarify or expand upon, stopped him from notifying this Court of any changes of address

8

— something he was well aware he was required to do, as this case had already been administratively terminated previously for his failure to do just that. And while Plaintiff appears to claim that he was trying to reach the Clerk of the Court's office at some undefined point in time by phone and mail and received no response, (ECF No. 54), he has again provided no evidence of this claim nor any sufficient explanation for why it would explain an eight-month delay followed by a failure to respond to the Notice of Call for Dismissal. With no further information and no more detailed explanation to even consider, the Court simply cannot find that any of these claims demonstrate excusable neglect or extraordinary circumstances warranting relief from judgment.

The only one of Plaintiff's contentions that come close to justifying relief from the Order of Dismissal is his statement that he is currently incarcerated again. Of course, his reincarceration would not excuse his failure to prosecute this action, especially given the fact that he filed this action in the first place while previously incarcerated. See Lehmann v. New Jersey Dept. of Corrections, No. 07-5964 (MLC), 2012 WL 2344879, at *3 (D.N.J. June 20, 2012) ("The plaintiff's argument concerning his inability to prosecute the action due to his incarceration is without merit. Indeed, he was able to institute the action while incarcerated."). However, it may have helped

explain why he failed to respond to the Notice of Call for Dismissal, assuming he had been incarcerated at the time it was issued.

Defendant, for his part, argues that even if he was incarcerated again, this would not constitute "extraordinary circumstances" under Rule 60(b)(6) and would not demonstrate "excusable neglect" on Plaintiff's part. But regardless of the scope and definition of those terms, the Court will decline to grant Plaintiff his requested relief for a separate, even simpler reason: he has failed to put forth any evidence that he actually was incarcerated at the time the Notice of Call for Dismissal was issued, or around the time he was required to file a response. In fact, the Court's review of the New Jersey Department of Corrections' Inmate Locator shows that Plaintiff was not in custody in his current facility, South Woods State Prison, until October 29, 2020 — over two months after the Notice was issued and more than a month after the actual Order of Dismissal was entered. Offender Search Form, available at https://www20.state.nj.us/DOC_Inmate/inmatesearch.jsp (last visited June 24, 2021). The Court recognizes that it is entirely possible that Plaintiff was incarcerated at an earlier date in a local facility, rather than a state-level facility that would show up in the DOC's Inmate Locator. However, the fact that this is a possibility is simply immaterial at this

stage; it is Plaintiff's burden to demonstrate a sufficient basis for relief on his present motion, and he has failed to put forward any such evidence.

Accordingly, the Court finds that Plaintiff's incarceration demonstrates neither excusable neglect nor exceptional circumstances, and does not warrant granting him relief from the Court's Order of Dismissal.  Plaintiff has repeatedly failed to move this action forward and to take basic steps like advising this Court when his address has changed.  When his action was reopened from being administratively terminated, he then failed to take any other steps or file a single document for nearly a full year.  And after being informed that he needed to file a motion for relief from judgment providing a sufficient basis to reopen this case, he has failed to put forward anything other than conclusory, unpersuasive excuses for why he failed to pursue his claims, and has apparently declined to file a reply brief in further support of his motion despite this Court's express invitation for him to do so.

As the Court explained above, the statute of limitations has long since run on Plaintiff's claims, and due to his own repeated failure to either update the Court as to a change in his address or to respond to a Notice of Call for Dismissal that

he received and was aware of, his claims are now legally barred.[1]

---

[1] The Court finds it necessary here to address one additional point. The Court recognizes that the September 24, 2020 Order of Dismissal did not analyze the standard factors courts should consider in deciding whether to *sua sponte* dismiss an action for failure to prosecute that were outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir.1984). Plaintiff does not raise this issue in his motion. However, even if Plaintiff had made an argument based on the failure to analyze this case under the Poulis factors, such a motion would have failed.

First, although the Notice of Call for Dismissal which preceded the Order of Dismissal specified that the case would be dismissed for failure to prosecute, Plaintiff's contention now that he missed the Notice because he was moving around and no longer living at the address he had provided the Court raises a separate question as to whether analysis under the Poulis factors was necessary at all. "[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary," Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990), and given his repeated failure to provide a current address, Plaintiff had made adjudication of this matter impossible and the sanction of dismissal was certainly warranted on that basis as well. McLaren v. New Jersey Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012).

Even if that were not the case, Plaintiff still would not have been able to raise a successful Poulis argument in his present Rule 60(b) motion. In Color-Plus Leather Restoration System, L.L.C. v. Vincie, 198 F. App'x. 165 (3d Cir. 2006), the Third Circuit was faced with an appeal of a district court's denial of a Rule 60(b) motion; on appeal, the plaintiff argued that the district court's original dismissal of his case, and then its denial of the Rule 60(b) motion, was flawed due to its failure to address the Poulis factors in the original order of dismissal. Id. at 166. The Third Circuit held that the Plaintiff could not "seek relief under Rule 60(b)(6) because it could have reasonably sought relief in a timely appeal from the District Court's dismissal" of its complaint, noting that "[w]hen [the plaintiff] failed to raise these issues in an appeal it waived its ability to seek relief on the same grounds, while using Rule 60(b) as its vehicle to do so." Id. at 166-67. As Color-Plus went on to further explain, if a plaintiff

12

Over four years have now passed since this action was originally filed, and the Court has been provided no sufficient basis for it to grant Plaintiff yet another opportunity to attempt to prosecute his claims. The motion for relief from judgment will be denied.

## **CONCLUSION**

For the reasons expressed above, Defendant's motion for relief from judgment pursuant to Rule 60(b) (ECF No. 57) will be denied.

An appropriate Order will be entered.

Date: June 28, 2021  /s Noel L. Hillman
At Camden, New Jersey  NOEL L. HILLMAN, U.S.D.J.

---

"disagreed with the District Court's dismissal of the complaint due to the purported non-application of the Poulis factors, then [it] should have appealed such order. In the absence of an appeal, the Poulis factors have no bearing on the effect of the *sua sponte* dismissal. Because Rule 41(b) of the Federal Rules of Civil Procedure provides that a *sua sponte* dismissal 'operates as an adjudication of the merits,' [the plaintiff] waived its ability to challenge the dismissal of the first complaint when it failed to appeal such motion in a timely manner." Id. at 167.

Plaintiff here failed to file a timely appeal of the Court's Order of Dismissal, and accordingly could not now raise a successful Poulis argument under Rule 60(b).